UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JOSEPH MICHAEL WHITE, JR.,

    Petitioner,

v.

DIRECTOR GAIL WATTS and
STATE OF MARYLAND,

    Respondents.

Civil Action No. TDC-21-0452

MEMORANDUM ORDER

    Self-represented Petitioner Joseph Michael White, Jr., who is currently confined at Roxbury Correctional Institution in Hagerstown, Maryland, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his pretrial detention.  For the reasons set forth below, the Petition will be DISMISSED AS MOOT.

BACKGROUND

    In the Petition, White states that he was arrested on August 27, 2019, for charges pending against him in the Circuit Court for Baltimore County, Maryland in Case No. C-03-CR-19-003405. The charges included second-degree rape, second-degree assault, and third-degree sex offense. He asserts that his pretrial detention has violated his rights under the Sixth Amendment to the United States Constitution because he has been detained for 23 months and has not been allowed to face his accuser or obtain witnesses or exculpatory evidence.  He also alleges that his Fourth, Fifth, and Fourteenth Amendment rights were violated because he is serving a sentence without having been convicted of a crime, and his Eighth Amendment rights were violated due to excessive bail.

Finally, White contends there is insufficient evidence to support the charges against him and that he was deprived of a preliminary hearing.

## DISCUSSION

Respondents filed a Limited Answer arguing that the Petition should be dismissed on the grounds that White's claims should not be considered under abstention and exhaustion principles or, in the alternative, that White's claims are barred by waiver or are otherwise non-cognizable. However, since filing the Limited Answer, Respondents have filed a Suggestion of Mootness, asserting that White's state criminal proceedings have concluded in White's conviction. Respondents argue that because White is no longer a pretrial detainee and is now in state custody pursuant to a judgment of conviction, the Petition is now moot.

To be entitled to habeas relief, a petition filed pursuant to 28 U.S.C. § 2241 must be filed by a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2018). The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam). A habeas petition is moot when it no longer presents a case or controversy under Article III, Section 2, of the Constitution. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Here, as White is no longer in pretrial detention, and his Petition seeks relief from such detention, it is now moot. To the extent that he seeks to challenge the conviction underlying his present incarceration, he must first exhaust all state remedies, including direct appeal and a state petition for post-conviction relief, before seeking federal relief through a new petition filed under 28 U.S.C. § 2254. 28 U.S.C. § 2254(b)(1).

2

A habeas petitioner has no absolute entitlement to appeal a district court's denial of the petition. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, White's claims are dismissed on procedural grounds, and the Court finds that White has not made the requisite showing to warrant a certificate of appealability. The Court therefore declines to issue a certificate of appealability. White may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. Fed R. App. P. 22(b).

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1.  The Petition for Writ of Habeas Corpus is DISMISSED AS MOOT.

2.  The Clerk shall PROVIDE a copy of this Order to White.

3.  The Clerk shall CLOSE this case.

Date: January 25, 2023

THEODORE D. CHUANG
United States District Judge